FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2005 DEC 22 PM 1:06

UNITED STATES OF AMERICA

v.

KYLE E. MCCLAMMA

CASE NO. 5:05-cr- 46-OC-10GRJ
18 U.S.C. § 2252A(a)(5)(B)
18 U.S.C. § 2253 – Forfeiture

## INFORMATION

The United States Attorney charges:

### COUNT ONE

Beginning on or about a date unknown to the United States Attorney but continuing until on or about October 28, 2005, in Lake County, in the Middle District of Florida, and elsewhere,

**KYLE E. MCCLAMMA**

the defendant herein, did knowingly possess a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography, as defined in Title 18, United States Code, Sections 2256(8)(A) and (C), that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

### FORFEITURES

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 2253.

2. From his engagement in violations alleged in Count One of this Information, the defendant, KYLE E. MCCLAMMA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

    (a) Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Sections 2251 through 2258;

    (b) Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    (c) Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(o), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

PAUL I. PEREZ
United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney

By: _____
I. Randall Gold
Assistant United States Attorney
Deputy Chief, Orlando Division