UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v. CASE NO. 5:05-cr-46-T-23GRJ

KYLE E. McCLAMMA,

Defendant.
_____________________________________/

**ORDER**

Once again, Kyle E. McClamma demands (Doc. 105) early termination of his supervised release. This motion is the latest of eleven motions McClamma has filed to resist supervision. Also, McClamma moves (Doc. 106) for production.

**BACKGROUND**

After downloading child pornography for seven years or more, McClamma pleaded guilty to possessing more than 3,500 prohibited images and at least forty-five video recordings in violation of 18 U.S.C. § 2252A(a)(5)(B). On September 20, 2006, Judge Wm. Terrell Hodges varied downward and sentenced McClamma to only thirty-six months of imprisonment but to a life-long term of supervised release.

On November 10, 2009, soon after his release from prison, McClamma moved (Doc. 33) *pro se* for clarification of the terms of his supervision. Specifically, McClamma challenged the probation officer's denial of his request to live with his

minor daughter. After counsel appeared on his behalf, McClamma withdrew the motion.

A year later, McClamma filed a series of motions (Docs. 46, 47, 50) for clarification and demanded disclosure of polygraph results, permission to attend specific church services, and permission to enter data for pediatric physicians. At a January 25, 2011 hearing, the United States announced an agreement with McClamma on certain issues, including an agreement to allow McClamma supervised visitation with his daughter. To the extent that McClamma and the United States disagreed, a January 31, 2011 order (Doc. 52) denies McClamma's demands.

On January 27, 2012, McClamma sued under 18 U.S.C. § 2255 in Case No. 5:12-cv-58-SDM-PRL and claimed that the terms of his supervised release offend the Constitution.[1] While awaiting a ruling on his Section 2255 motion, McClamma moved (Doc. 57, including twenty-one exhibits) *pro se* for early termination of his supervised release. At a February 13, 2013 hearing, the United States and the probation officer "identif[ied] some unsettling episodes . . . involving McClamma's polygraphs and his compliance with his restrictions." (Doc. 72 at 2) An order (Doc. 72) denies the motion and states:

---

[1] McClamma also sued, Case No. 8:12-cv-2557-VMC-MAP, *pro se* his former probation officer in a *Bivens* action. Judge Covington dismissed the action and found that qualified immunity shielded the probation officer from suit. The Eleventh Circuit affirmed, 561 Fed. Appx. 787 (11th Cir. 2014), and noted that "Mr. McClamma has continued to challenge his supervised release conditions." McClamma petitioned the Supreme Court for a writ of certiorari, and his petition was denied, 135 S.Ct. 167 (2014).

> McClamma's term of service under supervised release remains too brief, his routine and reliable compliance remains too uncertain, and his behavior remains too unaccountable and uneven to permit a disinterested observer to achieve the high level of comfort and confidence necessary to terminate supervised release, especially in the instance of a sex offender.

(Doc. 72 at 3) McClamma appealed (Doc. 73) the order, and the Eleventh Circuit affirmed (Doc. 87). Still unsatisfied, McClamma petitioned the Supreme Court for a writ of certiorari, and his petition was denied (Doc. 88).

On August 4, 2014, McClamma — who had recently re-married and was expecting his second child — moved (Doc. 89) to modify the terms of his supervised release. Specifically, McClamma requested a modification of "his supervised release conditions to exclude all of his children from any imposed contact restrictions with minors and to permit contact with minors when accompanied by adults." (Doc. 89 at 3) After the United States consented in part to the modification, an order (Doc. 92) allows McClamma unsupervised contact with his second child and denied McClamma's remaining requests. McClamma quickly moved (Doc. 93) for reconsideration, and an order (Doc. 94) denies the motion and states that "McClamma's life term of supervision is as relaxed as the circumstances at this moment permit." On October 1, 2014, McClamma appealed (Doc. 95) the denial of his motion for reconsideration, and his appeal remains pending.

Five days after filing his appeal, McClamma again moved (Doc. 98) for clarification of the terms of his supervision. In the motion, McClamma challenged the terms of the "Safety Plan" that governs his supervised visitation with his first

child. After an order denied (Doc. 100) the motion, McClamma moved (Doc. 101) for reconsideration. An order (Doc. 104) denies that motion, as well.

Now, in yet another attempt to resist his supervision, McClamma challenges his supervision by filing (Doc. 105) *pro se* his "Second Motion for Early Termination of Supervised Release." McClamma argues that there is "ample justification . . . for granting early termination of supervised release" because "[h]e is married, has two children, is gainfully employed, meets his financial obligations, is attending college to expand employment opportunities, and is well-respected in his neighborhood and church community despite his conviction and status as a registered sex offender."[2] (Doc. 105 at 3, 26) The United States and the Probation Office oppose (Doc. 107) the motion.

Also, McClamma moves (Doc. 106) for production (presumably in preparation for McClamma's next wave of motions and lawsuits) of (1) "all the polygraph test reports, tracings, and video recordings maintained by U.S. Probation and its contracted polygraphist"; (2) "U.S. Probation's memorandum to the court regarding a verbal reprimand that McClamma received in 2012"; and (3) "U.S. Probation's assessment summary report regarding his second request for early termination of supervised release." The United States argues (Doc. 107) that the

---

[2] If he thinks these attributes — a wife, children, a job, and community standing — establish that someone is not a sex offender, McClamma should review the *en banc* opinion in *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010), which summarizes the singularly repulsive course of sex crimes perpetrated by a man with all that and more.

motion should be denied because McClamma has failed to submit a written request for production to the Probation Office.

## DISCUSSION

Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." A review of the record and consideration of the factors in 18 U.S.C. § 3553(a) confirms that McClamma has failed (yet again) to establish that his conduct and the interest of justice warrant an early termination of his supervised release.

Like his first motion for early termination, McClamma's second motion emphasizes his compliance with the terms of supervised release and the absence of adverse information. Also, McClamma argues that he has made "progressive strides," including "completion of sex offender treatment, voluntary treatment efforts, and furthering his education." (Doc. 105 at 16) However, early termination is not warranted as a matter of course (or because a defendant repeatedly, defiantly, indignantly, or even self-righteously demands termination).

The "policy statement" that the United States Sentencing Commission promulgated in Section 5D1.2(b)(2) of the United States Sentencing Guidelines prescribes that the "statutory maximum term of supervised release is recommended" for a sex offense. This guideline is a special device to offer to the community

extended protection against recidivism by a convicted sex offender, an especially tenacious and threatening species of offender. After considering the factors in 18 U.S.C. § 3553(a), Judge Wm. Terrell Hodges found that McClamma's sex offense, which involves downloading child pornography for seven years or more, warrants life-long supervision. Consistent with the policy recommending a statutory maximum term of supervision, McClamma's supervision addresses "(1) the need to protect the community from the designs of a sex offender and to ensure ongoing treatment and (2) the stubborn persistence of the propensities that triggered the offense and the injurious consequences if those propensities prevail." (Doc. 72 at 4) By challenging his supervision eleven times throughout the last six years, McClamma demonstrates his failure to understand the purpose of, or the community's need for, his supervision (or, perhaps, evidences McClamma's failure to understand the nature of his crime).

McClamma apparently intends a relentless campaign of motions and other court papers, as well as lawsuits (for example, against the polygrapher and against his former probation officer) to grind down resistance to his relentless demand for early termination of his supervision. This approach — in effect, an everlasting appeal from his original sentence — will fail. McClamma is sentenced to a life-long term of supervision,[3] from which neither petulance nor coercion will spare him.

---

[3] "[T]o the extent that . . . McClamma's claims are a direct challenge to the district court sentencing order from 2006 that imposed these conditions of supervised release," his challenge is untimely. *United States v. McClamma*, 548 Fed. Appx. 598, 600 (11th Cir. 2013).

Also, McClamma's demand (Doc. 106) for production fails for the reasons stated in the United States' response. McClamma may submit to the Probation Office a written request for production.

## CONCLUSION

Accordingly, McClamma's motion (Doc. 105) for early termination of his supervised release and his motion (Doc. 106) for production are **DENIED**.

ORDERED in Tampa, Florida, on June 2, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE