UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                    CASE NO: 5:05-cr-46-Oc-23TBS

KYLE E. MCCLAMMA

    Defendant.
_____

### REPORT AND RECOMMENDATION

Defendant's Motion for Modification of Supervised Release is currently pending before this Court on referral from the district judge (Doc. 126). Upon due consideration I respectfully recommend that the motion be **denied**.

### I. Background

On January 31, 2006, Defendant plead guilty to possessing more than 3,500 images and at least 45 video recordings of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Doc. 16). His plea was accepted (Doc. 18) and on September 20, 2006, District Judge Wm. Terrell Hodges exercised his discretion to vary downward, sentencing Defendant to 36 months of imprisonment followed by a life-long term of supervised release (Doc. 29). The judgment provides:

> You shall participate in a mental health program specializing in sex offender treatment approved by the probation officer and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph and/or computer voice stress analysis, at your own expense, to aid in the treatment and supervision process. The results of the polygraph and/or computer voice stress analysis may not be used as evidence in Court to prove that a violation of community supervision has occurred, but may be considered in a hearing to modify release conditions.

(Doc. 29 at 4). Nowhere in the judgment is the completion or termination of mental

health sex offender treatment discussed.

Defendant was incarcerated at FCC Coleman Low until his release from prison on April 29, 2009 (Doc. 126 at 2, ¶11).   Pending before the Court is Defendant's motion seeking a modification of his supervised release (Doc. 126).   On February 22, 2016, I conducted a hearing on the motion (Doc. 134).   At the hearing, Defendant's probation officer testified that Defendant has not violated any condition of his probation or the sex offender treatment program.   Defendant testified that he has been enrolled in sex offender treatment since his release from prison and has now completed more than 1,000 hours of treatment.   According to a 2014 probation risk assessment (the most current available at the hearing), Defendant is considered to be a low risk offender.

Active participation in the sex offender treatment program means attending sessions with a psychologist once a week.   Approximately 3 years ago, Defendant was converted from active participation to the maintenance phase which for him meant bi-weekly sessions.   In the Middle District of Florida, sex offenders who are doing well may have their required participation in treatment reduced to as little as once every 3 months. But, no sex offender is ever fully relieved of the requirement that they participate in treatment until they die.   Some treatment providers object to this policy but currently, it is how sex offender probation operates in this district.

Since his release from prison Defendant has taken 13 polygraph examinations. He has failed 7, passed 4, and the results of the remaining 2 were inconclusive.   In June and December, 2015, Defendant exhibited signs of deception when the polygrapher asked him if he had viewed naked images of minors, or if he had been alone with a minor in circumstances where his probation could have been violated had he been caught. Based upon these polygraph results, Probation determined that Defendant should return

to active, i.e., weekly sex offender treatment.

Defendant believes Probation's decision is wrong. He believes he has fulfilled all of the requirements of the sex offender treatment program, that he has completed the program, and that he should be released and discharged from further participation in the program. Defendant argues that polygraph examinations are too unreliable to be accepted in the scientific and legal communities and should not be the basis to keep him in treatment. He also argues that the weekly treatment requirement has adverse practical effects on his profession, finances, and personal responsibilities.

The psychologist who treats Defendant provides written reports and recommendations to Probation. Defendant does not receive copies of these reports, and the Government failed to bring them to the hearing. But, Defendant's probation officer testified without objection that as recently as February 19, 2016, the psychologist said Defendant has not completed sex offender treatment.

## II. Legal Standard

Under the United States Code, "the district court may impose any condition of supervised release it deems appropriate so long as it comports with the factors enumerated in § 3553(a)." United States v. Zinn, 321 F.3d 1084, 1089 (11th Cir. 2003) (citing 18 U.S.C. § 3583(a)). In addition, the federal Sentencing Guidelines permit the district court to set any conditions of supervised release that are "reasonably related" to the facts enumerated in 18 U.S.C. § 3553(a) "so long as the conditions 'involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth [in § 3553(a)] and are consistent with any pertinent policy statements issued by the Sentencing Commission.'" Zinn, 321 F.3d at 1089 (citing U.S.S.G. § 5D1.3(b)).

Pursuant to 18 U.S.C. § 3583(e), a district court "may modify, reduce or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). When modifying conditions of release, courts should "consider the same factors that govern a defendant's original sentence, including 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" United States v. Moree, No. 02-8018-CR, 2008 WL 5377974, at *2 (S.D. Fla. Dec. 16, 2008) (quoting 18 U.S.C. § 3553(a)(1)). Courts have wide discretion in the imposition and modification of the terms of supervised release still, each condition imposed must be reasonably related to at least one of the Section 3553 factors. Id. at *2-3.

### III. Discussion

Defendant requests that the Court modify his supervised release, pursuant to 18 U.S.C. § 3583(e)(2), so that he "not be required to attend and participate in sex offender treatment." (Doc. 126). He argues that Probation's insistence that he remain in treatment for the duration of his supervision runs contrary to the intention of the treatment providers and the "ATSA sex offender practice standards and guidelines" (Id. at 4). Probation's position is based almost entirely on the results of the polygraph examinations and its belief that it would be negligent to discharge Defendant from the program in light of his polygraph results. The Government contends that "[u]nder the circumstances of this case ... the requirement of weekly sex offender treatment is reasonable and that such a treatment program is an appropriate component of the defendant's supervised release" (Doc. 127).

The Court has been consistent in its refusal to terminate any condition of Defendant's supervised release, and I recommend that decision not be disturbed.

Defendant plead guilty to possessing thousands of images and videos of child pornography – a crime he committed for at least seven years before being apprehended (Docs. 16, 108 at 1 and 6, 122 at 1).  The requirements that he participate in a sex offender treatment program, submit to polygraph testing, and have that testing used in evaluating requests for modifications to his supervised release are all reasonably related to the nature of his crime, his history and characteristics, and of the objectives of 18 U.S.C. § 3553 and the U.S Sentencing Guidelines.

The facts and opinions expressed at the February 22, 2016 hearing do not persuade me that Probation acted carelessly, thoughtlessly, spitefully, or maliciously when it determined to restore Defendant to active participation in the sex offender program.  While the results of the polygraph examinations are not admissible in evidence to prove that a violation of Defendant's supervised release has occurred, Judge Hodges determined that the results could be considered in a hearing to modify Defendant's conditions of release.  In light of the questions that caused Defendant to fail two polygraph examinations last year, and the opinion of the psychologist that he has not completed treatment, I respectfully recommend that Defendant's motion be **DENIED**.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 7, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    United States Probation Office
    Defendant Kyle McClamma